

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,887-01

### EX PARTE DARREN BROOKS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W20-00586-V(A) IN THE 292ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*. YEARY, J., dissented.

## O P I N I O N

Applicant pleaded guilty to engaging in organized criminal activity in exchange for a sentence of twenty-five years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because he was incorrectly admonished as to the punishment range applicable to the offense to which he was pleading guilty. Applicant was charged by indictment for the offense of engaging in organized criminal activity, with the most serious underlying offense being aggravated robbery, a first degree felony. Pursuant to Section 71.02(b) of the Texas Penal Code, the offense of engaging in organized

criminal activity is one degree higher than the most serious underlying offense. If the most serious underlying offense is a first degree felony, the punishment range for the engaging in organized criminal activity is 15 to 99 years' or life imprisonment, pursuant to Section 71.02(b)(3). In this case, the indictment also alleged a single prior felony conviction for purposes of punishment enhancement. However, there is no specific statute authorizing further punishment enhancement for a first degree felony with a 15-year minimum sentence. Applicant was admonished as to the punishment range for a habitual felony under Section 12.42(d) of the Texas Penal Code, and the judgment of conviction indicates that Applicant pleaded true to and the trial court found true two prior felony enhancement paragraphs.

Based on the record, the trial court has determined that Applicant's plea was involuntary because the parties all erroneously believed that the punishment range applicable to Applicant's charge was 25-99 years' or life imprisonment. The trial court finds that Applicant was misled by the admonishments given and believed that he was pleading guilty in exchange for the minimum available sentence, and that his plea was not knowingly, voluntarily or intelligently entered as a result.

Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number F-20-00586-V in the 292nd District Court of Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: February 8, 2023
Do not publish